

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 08 2010 ★

BROOKLYN OFFICE

# LAW OFFICES OF
# O'KEKE & ASSOCIATES, P.C.
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

------------------------------------X----------------------------

ROY SINGH, and ORLANDO PRASHAD     :UNITED STATE DISTRICT COURT
                        :EASTERN DISTRICT OF NEW YORK
           Plaintiff(s),       :
                             :    CASE No.:_____
    against                  :
                             : **10** CIVIL ACTION **1039**
                             : **BLOCK, J.**
THE CITY OF NEW YORK,        :
JOHN DOE" AND "JANE DOE"      :   **COMPLAINT**
1'through'5 inclusive, the names of:   **GO, M.J.**
the last defendants being fictious,:
the true names of the defendants    :   **PLAINTIFF DEMANDS**
being unknown to the plaintiff.     :   TRIAL BY JURY
                             :
           Defendant(s).      :

------------------------------------X----------------------------

     TAKE NOTICE, the Plaintiffs, Roy Singh and Orlando Prashad, hereby appears in this action by their attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

     Plaintiffs, Roy Singh and Orlando Prashad, by their attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, and "John Doe" and "Jane Doe" 1'through'5 collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the

law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.   Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiffs both reside in Brooklyn, New York and are residents of the State of New York.

7. Defendants "John Doe" and "Jane Doe" 1'through'5 are unknown police officers for the City of New York, acting under color of state law.   They are being sued in both their individual and official capacity.

8.   The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.   On or about June 27, 2009, at approximately 9:30PM, defendants' "John Doe" and "Jane Doe" 1'through'5 employed with the New York City Police Department and assigned to the 67th Precinct, without probable cause and/or justification, arrested the plaintiffs on or about 43rd Street, in Brooklyn, County of Kings, City and State of New York.   The plaintiffs were assaulted by the officers and then transported to the 67th precinct and later transferred to Central Bookings of Kings County.   The defendants were never formally charged, and subsequently released without appearing before a judge.

10.   Prior to and after effecting the illegal arrest against the plaintiffs, plaintiffs were sitting in a non moving car on 43rd Street, located in the County of Kings, when defendant officers, John Doe '1 through 5', approached the car plaintiffs were sitting in with their guns drawn.   The officers while shouting several obscenities, instructed the plaintiffs to put their hands out the window, which the plaintiffs complied with.   The officers then asked plaintiffs, "who was in the back of the car crying"? To which plaintiffs informed officers that it was a baby.   The officers then told plaintiffs "to keep the fucking baby quiet or they'll shoot him", however at the same time one of the other officers was shouting for plaintiffs not to move or they too would get shot.   That about the same time, additional officers arrived at the scene and plaintiffs were then both grabbed and dragged out of the their vehicle and slammed on the floor with such violence and force, defendant officers then proceeded to knee plaintiffs in their backs in the process also pushing plaintiffs against the concrete floor, causing bruising to the plaintiffs. Plaintiffs were then struck and cuffed by John Doe 1 through 5. After several minutes of being assaulted on the floor, the plaintiffs were pulled up and placed in a police vehicle and were transported to the NYPD 67th precinct, where the plaintiffs were pedigreed and placed in a holding cell for several hours, without no food, drink, or use of

adequate restroom facilities, notwithstanding their repeated requests for same. Further plaintiffs were not informed of why they had been arrested and or brutalized. They were not read their Miranda rights and denied communication with any third party. That after several hours, the plaintiffs were then transported to the Central Bookings Division of the Criminal Court, Kings County where they were both placed in a larger holding cell with several other arrestees. Again they were not provided with any food, drinks, or explanation as to why they were being held. That after being detained in such deplorable conditions for several more hours, the plaintiffs were released, without being formally charged, or appearing before a judge, or being provided any explanation as to why they had been put through the entire nightmarish ordeal.

11.  That plaintiffs were arrested, assaulted and detained unlawfully without any just cause.

12.  That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed by the plaintiffs, they still proceeded to arrest plaintiffs, unlawfully detain, and assault plaintiffs just to intimidate plaintiffs.

13.  That at no time during the arrest were any of the plaintiffs read their Miranda rights or provided with any food, drinks, or adequate restroom services, or provided and explanation of why they had been arrested.

14.  At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs act against or in violation of the laws of New York State, or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the defendants.

15.  As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, migraines, severe headaches, back pain, panic attacks, mental anguish and unwarranted severe anger bouts and individual ailments some or all of which may be permanent.

16.  The unlawful arrest of plaintiffs, plaintiffs' wrongful

imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

17. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, emotional distress, nightmares, migraines, severe headaches, back pain, panic attacks, mental anguish and unwarranted severe anger bouts and individual ailments, some or all of which may be permanent.

18. As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, they continue to suffer from nightmares, are fearful of going outside and when they see the police, they suffer various emotional attacks, in addition, they have been unable to function normally which has caused severe strains and breakdown in their personal relationships, in and outside of their respective homes.

19. As a direct and proximate result of defendant's actions, plaintiffs were arrested, assaulted and detained unlawfully without any just cause or probable cause.

20. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

23.  The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force, abuse of process, and the right to due process.

24.  By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

25.  Plaintiffs continue to suffer physically and emotionally due to the actions of the defendants.

26.  This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

27.  Plaintiff hereby restates paragraphs 1-26 of this complaint, as though fully set forth below

28.  By detaining and imprisoning the plaintiffs without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants' Officers, deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

29.  In addition, the Defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

30.  The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD

Officers. Said acts by the Defendants Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

31.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

32.   Plaintiffs hereby restates paragraph 1-31 of this complaint, as though fully set forth below

33.   By detaining and imprisoning the plaintiffs without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

34.   In addition, the Defendant officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

35.   The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

36.   Defendants, their officers, attorneys, agents, servants and

employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery and use of Excessive Force--all Defendants

38. Plaintiffs hereby restates paragraph 1-37 of this complaint, as though fully set forth below

39. In using excessive force, physically assaulting, handcuffing, slamming on the floor, kneeing, hitting threatening and intimidating plaintiffs, the Defendant Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

40. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

41. Plaintiffs hereby restates paragraph 1-40 of this complaint, as though fully set forth below

42. The Defendant Officers wrongfully and illegally detained, and imprisoned the Plaintiffs.

43. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable

suspicion.

44.  At all relevant times, the Defendant Officers acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

45.  During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

46.  Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

47.  All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

48.  Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

49.  The Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

50.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.


## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

51.  The Plaintiffs hereby restates paragraph 1-50 of this complaint, as though fully set forth below.

52.  The Defendant Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

53.  Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain

and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

54. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

**WHEREFORE**, plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6.   Such other and further relief as this Court may deem necessary in the interest of justice.


Dated: March 3, 2010
       Brooklyn, New York


O'keke & Associates, PC.


Patrick O'keke, Esq. (PO-2861)
Attorney for Plaintiff
255 Livingston Street
Brooklyn, New York 11217
Tel. (718) 855-9595